IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

   vs.                 **Case No. 03-40011-01**

                                **06-4143-RDR**

JAMES EARL LINDSEY,

          Defendant.

---

### MEMORANDUM AND ORDER

Defendant was convicted by a jury of four criminal violations: possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); possession of marijuana with intent to distribute in violation of the same statute; knowingly and intentionally carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a drug addict or user in violation of 18 U.S.C. § 922(g)(3). Defendant's convictions have been upheld on direct appeal, where defendant challenged the denial of a motion to suppress. 160 Fed.Appx. 708 (10th Cir. 2005). This case is now before the court upon defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

STANDARDS GOVERNING § 2255 MOTIONS

In U.S. v. Chandler, 291 F.Supp.2d 1204, 1209-11 (2003), this court set forth standards which are applied to § 2255 motions.

> In order to obtain relief under § 2255 on the basis of constitutional error, the petitioner must establish an

error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict.  <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).  In order to obtain relief on the basis of non-constitutional error, the petitioner must show a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process.  <u>Reed v. Farley</u>, 512 U.S. 339, 353-354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995).  To be entitled to an evidentiary hearing, the defendant must allege facts which, if proven, would entitle him to relief.  See <u>Hatch v. Oklahoma</u>, 58 F.3d 1447, 1471 (10th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996).  "[T]he allegations must be specific and particularized, not general or conclusory." <u>Id.</u> . . . .

A proceeding under § 2255 may not be used to challenge the legality of matters which should have been raised on direct appeal.  <u>United States v. Frady</u>, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); <u>United States v. Allen</u>, 16 F.3d 377, 378 (10th Cir. 1994).  To overcome this procedural bar, the defendant must show cause for his failure to present the claim on direct appeal and prejudice resulting therefrom, or that a fundamental defect occurred which inherently resulted in a complete miscarriage of justice.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); <u>Allen</u>, 16 F.3d at 378.

STANDARDS GOVERNING INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Defendant makes numerous arguments to vacate his sentence. None of these arguments were made on direct appeal.  Defendant attempts to show cause for the failure to raise these claims on direct appeal by asserting ineffective assistance of counsel.

The Tenth Circuit has reviewed what must be shown to have a successful claim of ineffective assistance of counsel:

> A successful claim of ineffective assistance of counsel must meet the two-prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness." <u>Id</u>. at 688, 104 S.Ct. 2052.  Second, a defendant must show that counsel's deficient performance actually prejudiced his defense. <u>Id</u>. at 687, 104 S.Ct. 2052.

<u>U.S. v. Harms</u>, 371 F.3d 1208, 1211 (10th Cir. 2004).  To meet the first prong, a defendant must show that defense counsel's performance was neither reasonable under prevailing professional norms nor sound trial strategy.  To meet the second prong, a defendant must show a reasonable probability that, but for the deficiencies in counsel's conduct, the result of the case would have been different.  A probability is reasonable if it is sufficient to undermine confidence in the outcome. <u>Strickland</u>, 466 U.S. at 694.

> The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant. . . . [T]he Constitution only requires that counsel's assistance 'fall[] within the wide range of reasonable professional assistance.' <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. 2052.  Precedent from both the Supreme Court and our sister circuits clearly holds that counsel's failure to raise or recognize a potential legal argument does not automatically render counsel's performance constitutionally deficient.  '[T]he Constitution guarantees criminal defendants only a fair trial and a competent attorney.  It does not insure that defense counsel will recognize and raise every conceivable constitutional claim.'" <u>Murray v. Carrier</u>, 477 U.S. 478, 486, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). . . . This court has also recognized that counsel's failure to recognize a potential legal argument does not constitute cause for procedural default.  <u>Hopkinson v. Shillinger</u>, 954 F.2d 609, 610 (10th Cir. 1992)."

<u>Harms</u>, 371 F.3d at 1212 (some citations omitted).

When examining the conduct of appellate counsel, the relevant questions are "whether appellate counsel was 'objectively unreasonable' in failing to raise [the] . . . claims on direct appeal and, if so, whether there is a 'reasonable probability that, but for his counsel's unreasonable failure' to raise these claims, [the movant] 'would have prevailed on his appeal.'" <u>Neill v. Gibson</u>, 278 F.3d 1044, 1057 (10th Cir. 2001) <u>cert. denied</u>, 537 U.S. 835 (2002) (quoting <u>Smith v. Robbins</u>, 528 U.S. 259, 285-86 (2000)).

There is a strong presumption that counsel provided effective assistance of counsel, and the defendant has the burden of proof to overcome that presumption. <u>U.S. v. Cronic</u>, 466 U.S. 648, 658 (1984). When analyzing ineffective assistance claims, courts show deference to the performance of counsel. <u>Strickland</u>, 466 U.S. at 689. "For counsel's [decision] to rise to the level of constitutional ineffectiveness, the decision . . . must have been 'completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.'" <u>Hatch</u>, 58 F.3d at 1459 (quoting <u>United States v. Ortiz Oliveras</u>, 717 F.2d 1, 4 (1st Cir. 1983)). "The benchmark for judging any claim of ineffectiveness must be whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 686.

DEFENDANT'S ARGUMENTS

<u>Speedy trial</u>

Defendant's first contention is that his counsel rendered ineffective assistance on appeal because he failed to challenge this court's ruling that defendant's rights under the Speedy Trial Act, 18 U.S.C. § 3161 <u>et seq.</u>, were not violated.  Doc. No. 83. Defendant makes reference to the period from September 13, 2003 to October 16, 2003.  The court held that this period of time was "excludable" for Speedy Trial Act purposes because of the pendency of pretrial motions.  § 3161(h)(1)(F).  Defendant asserts that this is incorrect and that his counsel should have made this an issue on direct appeal.

During the period of time in question, defendant's case was assigned to Judge Robinson of this district.  There were four motions pending before Judge Robinson:  a motion for discovery filed on April 24, 2003; a motion to dismiss filed on the same date; a motion to suppress filed May 7, 2003; and a motion for extension of time to file a post-hearing brief filed on August 14, 2003.  Judge Robinson conducted hearings on the motion to suppress on June 20 and June 23, 2003.  Judge Robinson conducted hearings on the motion to dismiss on June 20, June 23 and July 31, 2003.  She allowed a post-hearing memorandum to be filed on the motion to suppress on August 13, 2003 and held that the motion to dismiss

5

would be taken under advisement as of that date.  This allowed defendant 14 days after the July 31, 2003 hearing to review certain records of the Kansas Highway Patrol.

Defendant contends that a 30-day limit should be placed on the time motions may be held under advisement for purposes of determining "excludable" time under the Speedy Trial Act and that 30-day period of time expired on September 13, 2003.  See § 3161(h)(1)(J).  He asserts that his motion for an extension of time to file a post-hearing brief should not extend this period because it was a simple motion which was not responded to or ruled upon, and it eventually became moot when the motions to dismiss and suppress were decided.

We reject this claim of ineffective assistance of counsel for two reasons.  First, a reasonably competent attorney could decide that there was no violation of the Speedy Trial Act.  There is a line of case authority which holds that the Speedy Trial Act allows a district court more than 30 days to decide multiple pretrial motions, as long as the motions are decided with reasonable promptness.  U.S. v. Pedroza, 269 F.3d 821, 830-31 (7th Cir. 2001); U.S. v. Baskin-Bey, 45 F.3d 200, 204 (7th Cir.) cert. denied, 514 U.S. 1089 (1995); U.S. v. Cheek, 3 F.3d 1057, 1066-67 (7th Cir. 1993) cert. denied, 510 U.S. 1112 (1994); U.S. v. Latham, 754 F.2d 747, 752-53 (7th Cir. 1985); U.S. v. Kraselnick, 702 F.Supp. 489, 491 (D.N.J. 1988).  In this case, Judge Robinson was faced with

multiple motions raising, _inter alia_, issues relating to traffic stops, selective prosecution, and racial profiling which had the potential of providing important precedent for many cases filed in this district.    Indeed, when she decided the motions, Judge Robinson referred to another opinion she wrote and filed the same day which involved some of the same evidence regarding racial profiling.  A reasonable attorney examining the circumstances could decide that Judge Robinson decided the motions with reasonable promptness and that there was no Speedy Trial Act violation.

Even if there was a Speedy Trial Act violation, a reasonable attorney could decide not to appeal on that basis because it would not result in a dismissal with prejudice of the prosecution. Conversely, assuming a reasonable attorney would have appealed the Speedy Trial Act issue, defendant does not assert any prejudice from the failure to appeal.

A Speedy Trial Act violation leads to dismissal of the indictment either with or without prejudice.   § 3162(a)(2).   In determining whether to dismiss with or without prejudice, a court must consider:   the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice; and any prejudice to the defendant.  _Id_.; _U.S. v. Cano-Silva_, 402 F.3d 1031, 1034-35 (10th Cir. 2005).

In this case, the alleged Speedy Trial Act violation would not lead to a dismissal with prejudice.  This was a serious offense.  The delay involved was not extreme.  The alleged violation was not the fault of the prosecution.  There is no suggestion that the delay caused prejudice to defendant or that reprosecution of the case would impair the Speedy Trial Act or the administration of justice.  Defendant was also responsible for much delay in reaching the trial of this case.  Under these circumstances, a reasonable attorney could decide that an appeal of the alleged Speedy Trial Act violation would not be advantageous to his client.  It is also clear that defendant cannot demonstrate that the failure to appeal this issue caused prejudice to his case.  In Campbell v. United States, 364 F.3d 727, 730-31 (6th Cir. 2004) cert. denied, 543 U.S. 1119 (2005), the court relied upon similar analysis to affirm the denial of a § 2255 motion which made an argument based upon a Speedy Trial Act violation.

Challenge of initial stop

This case arose from a traffic stop.  Judge Robinson found that the vehicle defendant was driving was stopped because a Kansas Highway Patrol Trooper saw a crack in the windshield which he believed affected the driver's sight line.  Under Kansas law, a person may not drive a vehicle "with a damaged front windshield . . . which substantially obstructs the driver's clear view of the highway or any intersecting highway." K.S.A. 8-1741(b).  Defendant

contends that the trooper who stopped him had an unduly expansive interpretation of the statute in that he stated during the videotaped traffic stop, "You can't have any cracks in the area you see out of."

We find that defendant cannot demonstrate prejudice from the failure to make this argument, if in fact the argument was not made.   Judge Robinson stated in her order: "Trooper Davis's observation of a crack that spanned the entire width of the windshield and which appeared to be in the driver's field of vision supplied reasonable suspicion to support the traffic stop."   The Tenth Circuit concurred with this conclusion in its order at footnote one.   The question is not whether the trooper knew with certainty that the windshield was cracked in violation of Kansas law.   The question is whether he had a reasonable suspicion that the windshield was cracked in violation of Kansas law.   U.S. v. Callarman, 273 F.3d 1284, 1287 (10th Cir. 2001) cert. denied, 535 U.S. 1072 (2002).   The crack as described in the evidence provided that reasonable suspicion according to Judge Robinson and the Tenth Circuit.   Therefore, defendant cannot prove ineffective assistance of counsel on the grounds that his counsel failed to contend that the trooper who made the stop misapplied Kansas law on cracked windshields.

Illegal detention after the initial stop

Defendant asserts that his counsel rendered ineffective

assistance because he failed to argue that defendant was illegally detained after the trooper determined that the crack in the windshield did not "substantially obstruct" a view of the highway. The court believes this argument was made on direct appeal and that it was decided by the Tenth Circuit.  It cannot be raised again in a § 2255 motion.  <u>U.S. v. Prichard</u>, 875 F.2d 789, 791 (10th Cir. 1989).

The court also believes this argument lacks merit.  Defendant alleges that the trooper testified that the crack in the windshield did not "substantially obstruct" the view of the highway during the suppression hearing.  The trooper also testified that he issued defendant a warning ticket for a violation of the cracked windshield statute.  Thus, there is at least a dispute in the evidence as to whether the statute was violated, and the warning ticket appears to confirm that the trooper believed that the statute was violated.

Without this disputed ground, there were other grounds to continue to detain defendant, many of which quickly became evident after the stop was initiated.  There was a very strong odor of air freshener and/or household cleaner in the vehicle.  The vehicle had a spray of bullet holes in the passenger side door.  The vehicle was not registered in defendant's name, and defendant was vague in response to questions regarding his relation to the registered owner.  Defendant's eyes appeared bloodshot and glassy.  He could

10

not provide proof of insurance.  There was trash on the floor of
the vehicle.  Defendant said he was driving from California to
Georgia.  These factors provided reasonable suspicion to continue
to detain defendant, even if it could be argued that the crack in
the windshield did not violate Kansas law.  See U.S. v. Jeter, 175
Fed.Appx. 261 (10th Cir. 2006).  Therefore, defendant's counsel was
not acting unreasonably or providing ineffective assistance when he
failed to argue the detention was illegal after it allegedly became
clear that the cracked windshield did not violate Kansas law.

Perjured testimony

Defendant claims that his counsel was ineffective for failing
to object to perjured testimony at the suppression hearing.
However, defendant does not make reference to any specific evidence
which implies that there was perjury.  Defendant suggests that at
some time Trooper Davis stated that he stopped defendant's vehicle
because the license plate was not legible.  We cannot find such
testimony in the suppression hearing.  Nor do defendant's other
more general references supply grounds to consider this claim
further.  We note that inconsistencies in testimony do not by
themselves prove perjury.  See U.S. v. Monteleone, 257 F.3d 210,
219 (2nd Cir. 2001) cert. denied, 535 U.S. 1070 (2002).  In
addition, there is no indication that the alleged perjury had a
material effect upon either Judge Robinson's decision on the motion
to suppress or the jury's verdict in this case.  Therefore, there

11

are objectively reasonable grounds for failing to raise this issue on appeal, as well as grounds to find that defendant suffered no prejudice.  We reject this allegation of ineffective assistance of counsel.

Insufficient evidence of Count 4

Defendant was convicted in Count 4 of possessing a firearm as an addict or user of a controlled substance in violation of 18 U.S.C. § 922(g)(3).  The evidence at trial was that defendant alerted the troopers to a user quantity of marijuana stashed under the dash of the vehicle; that this marijuana included a partial blunt; and that defendant told the officers that the marijuana was for personal use.  Defendant claims in the instant motion that his counsel was ineffective because he failed to argue on appeal that the evidence was insufficient on Count 4 because it did not show that he took drugs with regularity over an extended period of time. His counsel did argue the sufficiency of the evidence at the trial level and this argument was rejected.

The definition of an "unlawful user" under § 922(g)(3) was somewhat unclear at the time of defendant's appeal to the Tenth Circuit.  Perhaps it still is.  The term is not defined in the statute.  At the time of the appeal in this case there were four circuit courts of appeal which included a requirement that an "unlawful user" be proven to have engaged in regular drug use or a pattern of use in proximity to the time the firearm was possessed.

12

U.S. v. Purdy, 264 F.3d 809, 812-13 (9th Cir. 2001); U.S. v.
Jackson, 280 F.3d 403, 406 (4th Cir.) cert. denied, 536 U.S. 911
(2002)(noting though that the exact reach of the statute is not
easy to define); U.S. v. Turnbull, 349 F.3d 558, 561 (8th Cir. 2003)
vacated on other grds, 543 U.S. 1099 (2005); U.S. v. Augustin, 376
F.3d 135, 139 (3rd Cir. 2004).   The Tenth Circuit discussed §
922(g)(3) in U.S. v. Bennett, 329 F.3d 769 (10th Cir. 2003).   There,
the Tenth Circuit indicates that to show that a defendant was an
unlawful user of drugs for the purposes of § 922(g)(3), the
government must prove "a defendant's drug use was contemporaneous
[although not simultaneous] with his firearm possession." 329 F.3d
at 776-77.   It also held that the defendant's "regular and ongoing
use" of drugs during the same time period as his firearm possession
qualified him as an "unlawful user."   329 F.3d at 778.   It is
unclear to this court that the Tenth Circuit was stating in Bennett
that "regular use" was a component of the definition of "unlawful
user" as opposed to a type of proof that a defendant was an
"unlawful user."   Certainly, the Tenth Circuit did not mention
either the Purdy or the Jackson cases in its decision.[1]   We
acknowledge, however, that in 2005, Judge Cassell stated that:

> Bennett **impliedly** defined three elements for
> qualification as an unlawful user of a controlled
> substance:  (1) regular use of any controlled substance

---

[1] Nor was this issue clarified in a later decision, U.S. v.
Moran, 452 F.3d 1167 (10th Cir. 2006) or an earlier unpublished
decision, U.S. v. Sanders, 43 Fed.Appx. 249 (10th Cir. 2002).

. . . (2) on an ongoing basis . . . and (3) during the same time period as . . . the possession of a firearm.

U.S. v. Grover, 364 F.Supp.2d 1298, 1303 (D. Utah 2005) (emphasis added).

A federal regulation addresses the definition of "unlawful user." 27 C.F.R. § 478.11.  The regulation states:

> *Unlawful user of or addicted to any controlled substance.* A person who uses a controlled substance and has lost the power of self-control with reference to the use of controlled substance; and any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician.  Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm.  An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time, e.g., a conviction for use or possession of a controlled substance within the past year; multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year; or persons found through a drug test to use a controlled substance unlawfully, provided that the test was administered within the past year.

Again, we believe it is not clear from the regulation whether regular use or a pattern of use is an element of being an "unlawful user" as opposed to a type of evidence from which a factfinder could infer use at the time of the possession of a firearm.

The Tenth Circuit has recognized that the failure of counsel to recognize a potential legal argument does not constitute

ineffective assistance of counsel.   Harms, 371 F.3d at 1212; see also Hopkinson v. Shillinger, 954 F.2d 609, 610 (10th Cir. 1992) (attorney's ignorance or inadvertence is not adequate "cause" for procedural default).   The court does not believe defendant's counsel was incompetent for failing to argue on appeal that the evidence was insufficient to convict defendant of the charge in Count 4, a violation of § 922(g)(3).

We further note that had this issue been raised and had defendant prevailed on appeal, the only difference in defendant's sentence would be that defendant would not have to pay the $100 special assessment for the conviction on Count 4.   There would be no difference in the term of imprisonment because the sentence on Count 4 is concurrent and not as long as the sentence on Count 1.

Failing to challenge jury composition

Defendant asserts that his counsel was ineffective because he failed to prepare a challenge of the system for selecting prospective jurors.

"A criminal defendant has a Sixth Amendment right to a jury pool comprised of a fair cross section of the community." U.S. v. Robertson, 45 F.3d 1423, 1439 (10th Cir.) cert. denied, 516 U.S. 844 (1995).   To successfully challenge the jury selection system, a defendant must show that the system has the result of systematically excluding a distinct, cognizable class of persons from jury service.   Id.   Defendant does not have a right to a jury

composed in whole or in part of persons of his own race.  Batson v. Kentucky, 476 U.S. 79, 85 (1986).  Nor does the Constitution require that juries actually chosen mirror the community and reflect the various ethnic or social groups in the population.  Id. at 86 n. 6.  Evidence that a particular jury panel was all white is not sufficient to demonstrate systematic exclusion of persons of other races.  U.S. v. Hill, 197 F.3d 436, 445 (10th Cir. 1999).

Defendant has not presented evidence or an argument that would suggest a reasonable possibility of proving a constitutional violation in his motion.  The District of Kansas used a system in 2003 that relied upon voter registration lists.  The Tenth Circuit has generally approved the use of voter registration lists.  U.S. v. Chanthadara, 230 F.3d 1237, 1256-57 (10th Cir. 2000) cert. denied, 534 U.S. 992 (2001) (actual voter lists); U.S. v. Shinault, 147 F.3d 1266, 1270-73 (10th Cir.) cert. denied, 525 U.S. 988 (1998) (actual voter lists); U.S. v. Ruiz-Castro, 92 F.3d 1519, 1527 (10th Cir. 1996) (voter registration lists).

Courts have held that it is not ineffective assistance of counsel to fail to raise a jury selection issue when there is no evidence of irregularity in jury selection practices.  Gustave v. United States, 627 F.2d 901, 906 (9th Cir. 1980); U.S. v. Davis, 939 F.Supp. 810, 817-18 (D.Kan. 1996) aff'd, 149 F.3d 1192 (10th Cir.) cert. denied, 525 U.S. 1059 (1998); U.S. v. Powell, 2004 WL 1534176 (D.Kan. 2004).  The materials supplied with defendant's motion fail

16

to make a showing of any irregularity in the jury selection system used at the time of his trial.  Nor does defendant contend that there was a reasonable probability that the result of this case would have been different with a jury composed of other citizens.

The court finds no grounds to proceed further with this argument.

### Facts found in suppression hearing

Defendant asserts that his counsel was ineffective because he failed on appeal to challenge the support in the record for various factual determinations by Judge Robinson on a motion to suppress. In its order on appeal, the Tenth Circuit reviewed the "relevant facts as found by the district court and supported by the record," and affirmed Judge Robinson's order.  160 Fed.Appx. at 709-10. There is no reason to believe any further argument by counsel would have persuaded the Tenth Circuit that Judge Robinson's order was not supported by the record in this case.

### Failure to subpoena information

Defendant asserts that his counsel was ineffective because he failed to subpoena information which may have shown that the trooper who initiated the traffic stop was alerted to look for defendant's vehicle by an off-duty officer who watched defendant closely when defendant was at a rest stop.

Defendant does not demonstrate how this would have made a difference to the outcome of his case.  It does not matter if there

17

was a pretextual stop in this case, in other words a stop based on
a subjective motive.  That is not illegal if there was reasonable
suspicion of a violation of the traffic laws.  U.S. v. Tibbetts,
396 F.3d 1132, 1136-37 (10th Cir. 2005).   The Tenth Circuit
determined that there was such reasonable suspicion.  Hence, it
would not have made a difference if defendant's counsel had
uncovered the information which defendant describes.

Defendant also does not provide specific and particularized
grounds to find that he could prove such a claim if the court
conducted a hearing upon the instant motion.

Right to testify

Defendant contends that he would have testified at his trial,
but his counsel told him that he was not prepared for defendant to
testify and that he would withdraw if defendant did testify.
Defendant suggests that he was afraid to violate the wishes of his
attorney because the court had previously warned him that the court
would not appoint new counsel if his trial attorney withdrew.

Defendant was represented by three attorneys during the course
of this case.  Defendant asked that the first two attorneys
withdraw.  The court warned defendant at that time that if
defendant was dissatisfied with the next appointed counsel and
requested withdrawal, then defendant would have to represent
himself.  The court did not tell defendant he would have to
represent himself if his trial attorney withdrew at the request of

18

the trial attorney or because defendant wished to testify.  Doc. No. 71.

The court addressed defendant about his right to testify during the trial of the case.  Defendant's counsel told the court that he had advised defendant not to testify, but that he had also told defendant that it was defendant's decision to make on his own.  The court told defendant that he had a constitutional right to testify and that it was his decision to make.  Defendant told the court that he understood this and that it was defendant's decision not to testify.  Doc. 158, pp. 238-240.  Defendant made no reference to being threatened by his counsel.  It should be noted that defendant did make other complaints to the court during the trial about his attorney's exercise of cross-examination.  Defendant, however, never complained to the court that he wanted to testify or that his counsel was unprepared to present defendant's testimony.  Defendant has not made the specific and particularized showing necessary to justify an evidentiary hearing on this claim.  The record is clear that defendant had an opportunity to testify if he wished.  He was told that the decision whether to testify was solely his to make.  There is nothing in the record to support a claim that he was threatened by his attorney or cautioned that his attorney was unprepared for his testimony.

Nor does defendant allege or demonstrate that his testimony would have altered the result of the trial.  Therefore, defendant

fails to demonstrate prejudice from the alleged ineffective assistance of counsel.

### Failure to challenge criminal history

Defendant asserts that his counsel was ineffective because he did not challenge a prior conviction for "shooting in an occupied building."  Defendant asserts that he does not recall that conviction.  But, defendant has presented nothing to indicate that the conviction was invalid or that it was mistakenly attributed to defendant.  There are no grounds offered to find that a challenge of this alleged conviction would have been successful.  At the sentencing hearing, it was proffered that this conviction was substantiated from an NCIC or Triple I report.  This is a sufficiently reliable source for the purposes of a sentencing hearing, particularly in the absence of any persuasive contradictory information. U.S. v. Martinez-Jimenez, 464 F.3d 1205 (10th Cir. 2006).  Therefore, the court rejects this argument for relief.

### Failure to cross-examine vigorously

Defendant asserts that his counsel was ineffective because he failed to vigorously cross-examine the two Kansas Highway Patrol troopers who conducted the traffic stop in this case.  He alleges that they perjured themselves or that there were inconsistencies in

their testimony.  We note that defense counsel did cross-examine both troopers and that the cross-examination of the trooper who first stopped defendant was quite extensive.  That trooper was even called back as a witness during the defendant's case-in-chief.

Defendant was the sole occupant of a van which carried distribution quantities of marijuana and cocaine, in proximity to a firearm.  There was also a user quantity of marijuana to which defendant directed the attention of the troopers after a drug dog alerted to the van.  There were other markers of drug distribution, such as the use of multiple air fresheners and PineSol to mask the odor of drugs, which further supported a conviction.  The court cannot comprehend how a more vigorous cross-examination of the troopers could have altered the basic facts in this case which supported the jury's verdict.  Defendant implies that a jury may have been led to conclude that the drugs were planted in the van, if vigorous cross-examination would have exposed inconsistencies in the troopers' testimony.  The court does not believe this would be a plausible outcome, regardless of the ferocity of the cross-examination.

Therefore, we reject this part of defendant's motion.

Dog sniff

Defendant asserts that his attorney should have challenged the length and conduct of the dog sniff in the suppression hearing. The court finds no grounds to support a reasonable argument here.

21

The testimony was that the dog initially alerted to the rear area of the van, and then on a second pass aggressively alerted to the rear of the driver's door.  The great majority of the drugs in this case were found inside the interior ceiling of the van.  Good cause supported the dog sniff which, along with other circumstances, provided probable cause to search the van.  Although the troopers waited to perform the dog sniff until defendant refused consent to search, this provides no grounds to find that defendant was unduly detained because the troopers were waiting to perform the routine computer checks that are permitted during a stop for a traffic violation.  The dog sniff itself did not take an excessive amount of time.  Therefore, defendant's counsel was not ineffective for failing to challenge this aspect of the traffic stop and search of defendant's vehicle.

<u>Jurisdiction</u>

Finally, defendant asserts that his counsel was ineffective because he failed to challenge and compel the Government to prove federal jurisdiction.  Federal jurisdiction to legislate against and prosecute the drug and gun crimes in this case is well-established.  See <u>Gonzales v. Raich</u>, 545 U.S. 1 (2005) (federal authority to regulate marijuana upheld in spite of fact that use was authorized by California Compassionate Use Act); <u>U.S. v. Wacker</u>, 72 F.3d 1453, 1475 (10th Cir. 1995) <u>cert. denied</u>, 523 U.S. 1035 (1998) (§ 841(a) survives Commerce Clause attack); <u>U.S. v.</u>

22

Bolton, 68 F.3d 396, 400 (10th Cir. 1995) cert. denied, 516 U.S. 1137 (1996) (§ 922(g)(1) is constitutional); U.S. v. Minnik, 949 F.2d 8, 10 (1st Cir. 1991) cert. denied, 503 U.S. 995 (1992) (§922(g)(1) does not implicate state integrity); U.S. v. Lynch, 367 F.3d 1148, 1158 (9th Cir. 2004) (§924(c)(1)(A) survives Commerce Clause attack); U.S. v. Walker, 142 F.3d 103, 110-111 (2nd Cir.) cert. denied, 525 U.S. 896 (1998) (§ 924(c)(1) and § 841(a)(1) are valid exercises of Congressional authority); U.S. v. Letts, 264 F.3d 787, 789-90 (8th Cir. 2001) cert. denied, 535 U.S. 908 (2002) (§ 922(g)(3) survives constitutional challenge); U.S. v. Grey Water, 395 F.Supp.2d 850, 858 (D.N.D. 2005) (same).

Defense counsel was not ineffective for failing to argue otherwise.

CONCLUSION

The court believes an examination of the record conclusively shows that defendant is not entitled to relief on his claims. Therefore, the court shall direct that defendant's motion be dismissed without an evidentiary hearing.

**IT IS SO ORDERED.**

Dated this 29th day of January, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge