**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.                     **Case No. 03-40011-01**

                                         **06-4143-RDR**

JAMES EARL LINDSEY,

                Defendant.

_____

**MEMORANDUM AND ORDER**

Defendant has filed a motion under 28 U.S.C. § 2255. On January 29, 2007, the court issued an order denying the motion without an evidentiary hearing and without requiring a response from the government. Defendant has filed a timely motion to reconsider under FED.R.CIV.P. 59. Defendant has also filed a motion to supplement the motion to reconsider. The court shall grant the request to supplement. This case is now before the court upon defendant's arguments in his motion to reconsider and motion to supplement.

The court shall not repeat the background of this case which is recited in the January 29, 2007 order. The court will address the arguments as they are presented in the motion for reconsideration.

Speedy trial

Defendant contends that he received ineffective assistance of counsel on appeal because his attorney did not argue that his

rights under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. were violated. The court originally rejected this contention for two reasons. First, the court noted that there was case authority outside the Tenth Circuit which holds that a court may use more than 30 days under § 3161(h)(1)(F) to decide multiple pretrial motions upon which there has been a hearing as long as the motions were decided with reasonable promptness. In the motion for reconsideration, defendant cites Tenth Circuit cases which he claims are contrary to the case law cited by the court. The court has examined those cases. We find that they do not address the issue of whether a court may use more than 30 days to decide multiple motions which have been taken under advisement after a hearing and post-hearing briefing. The court does not believe there is controlling precedent on this point in the Tenth Circuit. Therefore, the court does not believe it was unreasonable to fail to appeal on the basis of the alleged Speedy Trial Act violation.

The second reason the court rejected defendant's speedy trial argument is that defendant could not establish that he suffered any prejudice from the failure to appeal the alleged Speedy Trial Act violation. The prejudice claimed by defendant stems from his incarceration pending trial. He further asserts that there is no guarantee that a grand jury would reindict him if his attorney had succeeded in having the charges dismissed without prejudice.

Prejudice to the defendant is just one factor a court would

have to consider in deciding whether to dismiss the indictment with or without prejudice for the alleged Speedy Trial Act violation. As explained in our prior order, the other factors weigh against dismissal with prejudice, and the prejudice claimed by defendant is not so substantial to change this decision. Defendant does not credibly assert that the delay damaged his ability to present his case. This is the most important type of prejudice to a defendant. See U.S. v. MacDonald, 435 U.S. 850, 858 (1978) (considering a constitutional speedy trial claim). Recalling the circumstances of this case, there is no reason to find that the prejudice caused by defendant's incarceration pending trial was so significant that it would demand that the alleged Speedy Trial Act violation be sanctioned by a dismissal with prejudice. See U.S. v. White, 443 F.3d 582, 591 (7th Cir. 2006) (prejudice based on nine months incarceration but unsupported by other factors does not make out a constitutional speedy trial violation). Therefore, a reasonable attorney could decide not to appeal the speedy trial issue because it would not result in a dismissal with prejudice. Conversely, if a reasonable attorney would have appealed the issue, the failure to do so does not constitute ineffective assistance of counsel because no prejudice was caused to defendant.

Defendant asserts that the failure to obtain a dismissal without prejudice was itself prejudicial to defendant because there is no guarantee that a grand jury would reindict him. While there

is no "guarantee" that a grand jury would reindict, this point falls far short of demonstrating prejudice from the failure to argue the Speedy Trial Act violation on appeal. Defendant was the only occupant in a vehicle carrying a significant amount of illegal drugs across the country. The first grand jury indicted him. A petit jury convicted him. There is no claim that the conviction was supported by insufficient evidence. It appears highly probable that he would have been reindicted by a second grand jury if his case had been dismissed without prejudice. We find no prejudice to defendant from the failure to raise the Speedy Trial Act claim on appeal. Therefore, we reject the claim of ineffective assistance of counsel relating to the alleged Speedy Trial Act violation.

Challenge of the initial stop

Defendant reiterates his argument that he received ineffective assistance of counsel because his attorney did not argue on appeal that the traffic stop was initiated on the basis of a mistake of law regarding the Kansas windshield statute by the highway patrol trooper. This argument and the next argument - that the defendant was illegally detained after the initial stop - are augmented by defendant's motion to supplement. Defendant supports his argument in part with the testimony of the highway patrol trooper who made the stop. Defendant has also supplied a picture of the windshield as part of the motion to supplement.

We find nothing in the additional argumentation by defendant

4

which refutes the following points which this court made in the January 29th order.   First, the issue is whether reasonable suspicion supported the traffic stop.   In U.S. v. Callerman, 273 F.3d 1284, 1287 (10th Cir. 2001), the Tenth Circuit found there was reasonable suspicion for a traffic stop where there was a crack in a windshield 12 inches across and 6 inches high.   The crack in the windshield in this case was substantially larger in the court's view of the picture attached to defendant's motion to supplement. Second, both Judge Robinson (who was originally assigned this case and decided the suppression issues) and the Tenth Circuit held that reasonable suspicion of a cracked windshield violation supported the traffic stop.   We believe these conclusions by Judge Robinson and the Tenth Circuit were informed by a correct view of the Kansas traffic law in question.   Therefore, we find no validity to defendant's claim that his appellate counsel rendered ineffective assistance by failing to argue that the initial stop was unconstitutional.

Illegal detention after the initial stop

Defendant repeats his argument that his counsel was constitutionally ineffective because he failed to argue that defendant was illegally detained after the trooper who stopped him determined that the windshield statute was not violated.   Defendant cites U.S. v. McSwain, 29 F.3d 558 (10th Cir. 1994) in support of this contention.

We reject this argument for the same reasons stated in our previous order.  First, the Tenth Circuit on direct appeal appears to have held contrary to defendant's argument.  The Tenth Circuit stated:  "We agree with the district court in this case that all of the factors considered together created reasonable suspicion justifying Defendant's detention beyond the initial purpose of the traffic stop."  U.S. v. Lindsey, 160 Fed.Appx. 708, 711 (10th Cir. 2005).  Second, the trooper issued a ticket for the windshield violation.  This distinguishes this case from McSwain where no ticket was issued on the basis of the facts causing the law enforcement officer to make the traffic stop.  The issuance of a ticket might cause a reasonable attorney to decide that there was good cause to continue the detention after the initial stop.  Third, there were other grounds to continue to detain defendant, aside from the cracked windshield, as explained in our prior order.

Failure to challenge criminal history

Defendant asserts that his counsel was ineffective because he did not challenge a 1987 conviction for "shooting in an occupied building" in the District Court for Solano County, California. Defendant claims that at the time of sentencing he told his counsel that he did not recall the conviction and that his counsel did not do sufficient work to determine whether there was such a conviction.  In our prior order, we rejected this argument because defendant provided nothing to suggest that the conviction was

6

invalid or mistakenly attributed to him, and because at the sentencing hearing it was proffered that the conviction was substantiated from an NCIC or Triple I report.

In his motion for reconsideration, defendant submits two letters from the Clerk's Office of the California court where the conviction occurred. One letter states in part:

> I have researched for cases under the name of James Earl Lindsey and found two 11357(b) HS cases that occurred in 1983 and 1987 and both were purged. I find no case for the crime of Shooting at Occupied Dwelling occurring in 1983. If this violation occurred in Benicia or Vallejo, you should contact the Vallejo Court.

The other letter, which was written several months later, states:

> This letter is in response to your letter dated November 14, 2006 requesting a criminal check again for a conviction of Shooting at Occupied Dwelling, this time for the year 1987. In my letter dated March 14, 2006 I indicated that all I found were two 11357(b) HS cases that occurred in 1983 and 1987. It appears I did check for 1987 and that is how I found two 11357(b) HS cases.
>
> If you need another criminal check for 1987, you will have to pay for the criminal search. I am enclosing a copy of the Criminal Name Searches and Copy Request.

It appears that "11357(b)" refers to a misdemeanor marijuana charge. Cal. Health & Safety Code § 11357.

The court does not believe an attorney acts unreasonably by failing to appeal the ruling upon a criminal history challenge when his client merely states a lack of memory and a proffer is made that the conviction in question is supported by an NCIC or Triple I report. Our view is not changed by the letters submitted by defendant because neither letter forecloses the existence of a

conviction for shooting at an occupied dwelling.  It is possible, for instance, that the conviction occurred in the Vallejo court.

Indeed, the court, through the Probation Office, has received documents which substantiate the conviction.  It appears that on November 4, 1983 defendant was charged with "discharge of firearm at dwelling or vehicle" and "possession of firearm by ex-felon" by the District Attorney of Solano County, California - Case No. 17002.  The deputy district attorney who drafted the information lists his address as Vallejo, California.  On March 30, 1987, defendant waived his right to a jury trial on the possession of a firearm charge.  A trial was conducted and on April 7, 1987 defendant was convicted by a jury of the discharge of a firearm charge and convicted by the court of the possession of a firearm charge.  On April 27, 1987, defendant was sentenced by the court. Copies of these documents are attached to this order.

Conclusion

After a review of the arguments made in defendant's motion to reconsider and motion to supplement, the court shall reaffirm our prior order to deny the motion to vacate.  The motion to reconsider, as supplemented by the motion to supplement, shall be denied.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge